UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| MARCUS TAYLOR, # 361170, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:10-cv-94 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| CAROL HOWES, et al., | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This is a civil rights action brought *pro se* by a state prisoner under 42 U.S.C. § 1983. Plaintiff's complaint concerns the adequacy of medical care he received in mid-November 2008 at the Lakeland Correctional Facility (LCF). Three of the five named defendants have never been served with process or otherwise appeared. I recommend that all plaintiff's claims against Lieutenant Unknown Nocliaga, unknown medical practitioner, and unknown physician's assistant be dismissed without prejudice under Rule 4(m) of the Federal Rules of Civil Procedure.

The matter is before the court on a Rule 12(b)(6) motion by the two remaining defendants: Warden Carol Howes and Donna J. Croston, R.N. (docket # 28). For the reasons set forth herein, I recommend that defendants' motion be granted, that all plaintiff's claims against defendants Howes and Croston be dismissed for failure to state a claim on which relief can be granted, and that a judgment be entered closing this case.

## Applicable Standards

Rule 12(b)(6) authorizes the dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Under Rule 8(a)(2) of the Federal Rules of Civil Procedure a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and FED. R. CIV. P. 8(a)(2)). While this notice pleading standard does require not require "detailed" factual allegations, it does require more than the bare assertion of legal conclusions. *See Twombly*, 550 U.S. at 555.

Generally, when considering a Rule 12(b)(6) motion to dismiss, the court must construe the complaint in the light most favorable to plaintiff, accept the plaintiff's factual allegations as true, and draw all reasonable factual inferences in plaintiff's favor. *See Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). "[C]ourts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and the formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009); *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010). Courts are not required to conjure up unpleaded allegations, nor accept unwarranted factual inferences. *See Total Benefits Planning*, 552 F.3d at 434. "To survive a motion to dismiss, [plaintiff] must allege 'enough facts to state a claim to relief that is plausible on its face.'"

*Traverse Bay Area Intermediate Sch. Dist. v. Michigan Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010)(quoting *Twombly*, 550 U.S. at 570).

*Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by licensed attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even the lenient treatment generally given *pro se* pleadings has its limits. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "A plaintiff must 'plead [] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Albrecht*, 617 F.3d at 893 (quoting *Iqbal*, 129 S. Ct. at 1949). "A plaintiff falls short if []he pleads facts 'merely consistent with the defendant's liability' or if the alleged facts do not 'permit the court to infer more than the mere possibility of misconduct[.]'" *Albrecht*, 617 F.3d at 893 (quoting *Iqbal*, 129 S. Ct. at 1949, 1950).

## Plaintiff's Allegations

Plaintiff alleges that he was an inmate at the Lakeland Correctional Facility (LCF). Warden Carol Howes and Donna Croston, R.N. are listed in the complaint's caption, but there are no factual allegations made against either defendant.

Plaintiff alleges that on November 10, 2008, he experienced an allergic reaction to medication, and during that evening's medical call-out, he was examined by an unknown physician's assistant. Dr. Lacy examined plaintiff the next morning and directed that plaintiff be taken to the hospital for further evaluation and treatment.

## **Discussion**

### 1.     **Lieutenant Unknown Nocliaga, Unknown Medical Practitioner, and Unknown Physician's Assistant**

I recommend that all plaintiff's claims against defendants Lieutenant Unknown Nocliaga, unknown medical practitioner, and unknown physician's assistant be dismissed for failure to achieve service of process. These individuals have never been served with process or otherwise appeared during the nine months this lawsuit has been pending. Accordingly, I recommend that all plaintiff's claims against these defendants be dismissed without prejudice under Rule 4(m) of the Federal Rules of Civil Procedure. This report and recommendation serves as plaintiff's notice of impending dismissal. *See Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 623 (6th Cir. 2004); *accord Reynosa v. Schultz*, 282 F. App'x 386, 393-94 (6th Cir. 2008).

### 2.     **Warden Howes and Nurse Croston**

Plaintiff's complaint is devoid of factual allegations against defendants Howes and Croston. Plaintiff's complaint cannot survive defendants' Rule 12(b)(6) motion because he has not "allege[d] 'enough facts to state a claim to relief that is plausible on its face.'" *Traverse Bay Area Intermediate Sch. Dist.*, 615 F.3d at 627 (quoting *Twombly*, 550 U.S. at 570).

In order to state a claim against a state officer under 42 U.S.C. § 1983, plaintiff must allege facts showing that the defendant, while acting under color of state law, deprived plaintiff of rights guaranteed by the United States Constitution or laws. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Liability under section 1983 must be based on active unconstitutional behavior. *Iqbal*, 129 S. Ct. 1951-52; *Shehee v. Luttrell*, 199 F.3d at 295, 300 (6th Cir. 1999). A *pro se* complaint that merely names persons as defendants in the caption without alleging specific conduct by them is

subject to summary dismissal as frivolous.  *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1994); *Cameron v. Howes*, No. 1:10-cv-539, 2010 WL 3885271, at * 6 (W.D. Mich. Sept. 28, 2010) (collecting cases).  In the absence of factual allegations of active unconstitutional behavior by defendants Howes and Croston, plaintiff's complaint fails to state a civil rights claim.

### Recommended Disposition

For the reasons set forth herein, I recommend that all plaintiff's claims against Lieutenant Unknown Nocliaga, unknown medical practitioner, and unknown physician's assistant be dismissed without prejudice under Rule 4(m) of the Federal Rules of Civil Procedure.  This report and recommendation serves as plaintiff's notice of the impending dismissal of all his claims against these defendants.  I further recommend that defendants' motion (docket # 28) be granted, that all plaintiff's claims against defendants Howes and Croston be dismissed for failure to state a claim on which relief can be granted, and that a judgment be entered closing this case.

Dated:   October 26, 2010          /s/  Joseph G. Scoville
                                   United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).  General objections do not suffice.  *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).