UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |
|---|---|
| MARCUS TAYLOR, # 361170, | |
| Plaintiff, | Case No. 1:10-cv-94 |
| v. | Honorable Robert Holmes Bell |
| TERRILYNN HILLIS, et al., | **REPORT AND RECOMMENDATION** |
| Defendants. | |

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The matter is before the court on the following motions: (1) plaintiff's August 11, 2011 motions for entry of default judgments against Robert Lacy, Hope Heebsh, Terilynn Hillis (docket #s 91, 92, 93); (2) a September 7, 2011 Rule 12(b)(6) motion to dismiss by defendants Lacy and Hillis (docket # 95); and (3) a September 15, 2011 Rule 12(b)(6) motion by defendant Heebsh (docket # 96). Upon review, I recommend that all the above- referenced motions be denied.

1. **Plaintiff's Motions for Entry of Default Judgments**

Plaintiff filed his motions for entry of default judgments against defendants Lacy, Heebsh, and Hillis before these defendants had been served with process or otherwise appeared in this lawsuit. Plaintiff had no foundation for seeking entry of defaults, much less default judgments. *See* FED. R. CIV. P. 55; *see also Schomaker v. General Motors Corp.*, No. 1:10-cv-765, 2011 WL 4433167, at * 8 (W.D. Mich. Aug. 29, 2011) ("[T]he entry of a default is a prerequisite [] to entry of a default judgment under Fed. R. Civ. P. 55(b)."); *Russell v. Tribley*, No. 2:10-cv-14824, 2011

WL 4387589, at * 8 (E.D. Mich. Aug. 10, 2011) ("Because a party has no duty to plead until properly served, sufficient service of process is a prerequisite to entry of default.") (collecting cases). I recommend that plaintiff's motions for entry of default judgments be denied because they are frivolous.

### 2. Defendants' Rule 12(b)(6) Motions

#### A. Applicable Standards

Defendants Lacy, Heebsh, and Hillis seek dismissal of all plaintiff's claims against them under Rule 12(b)(6). Generally, in determining whether the complaint states a claim, the court must construe the complaint in the light most favorable to plaintiff, accept the plaintiff's factual allegations as true, and draw all reasonable factual inferences in plaintiff's favor. *Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by licensed attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure a complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal conclusions. *Id.* Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Claims survive only where the "factual allegations [are] enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. at 555.

The Supreme Court's *Iqbal* decision emphasized that a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face:

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Twombly*, 550 U.S.] at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557.

129 S. Ct. at 1949. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)) (internal citations omitted).

Plaintiff's amended complaint (docket # 54) has already been subjected to review by this court under Rule 12(b)(6) standards. On March 24, 2011, the court granted plaintiff's motion for leave to amend his complaint to add Robert Lacy, Hope Heebsh, Terrilynn Hillis, and Lieutenant Iris Nogueras as defendants and directed the Clerk to arrange for service of process on these individuals by the United States Marshal Service. (3/24/11 Order, docket # 59). The amendment would not have been allowed if plaintiff's amended complaint failed to state a claim against these defendants. Under the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), the court was required to screen plaintiff's proposed amended complaint and dismiss it if the pleading failed to state a claim upon which relief could be granted. 28 U.S.C. §§ 1915(e)(2)(ii),

1915A(b)(1); 42 U.S.C. § 1997e(c)(1). Further, the proposed amendment would have been denied as futile if the amended pleading could not withstand a Rule 12(b)(6) motion. *See Brown v. Owens Corning Inv. Review Comm.*, 622 F.3d 564, 574 (6th Cir. 2010) ("[A] proposed amendment is futile if the complaint, as amended, would not withstand a motion filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss for failure to state a claim."). Thus, Rule 12(b)(6) motions filed by defendants after the court has conducted the screening required by the PLRA are generally a waste of time because the court has already reviewed the pleading at issue and determined that it withstands scrutiny under Rule 12(b)(6) standards.

### B. Rule 12(b)(6) Motion by Defendants Hillis and Lacy

On September 7, 2011, defendants Hillis and Lacy filed a Rule 12(b)(6) motion seeking dismissal of plaintiff's claims based on the affirmative defense of plaintiff's failure to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). (docket # 95). Defendants improperly attempted to support their motion to dismiss with exhibits. Under Rule 12(b)(6), a court is generally restricted to examining the adequacy of the plaintiff's complaint. *See* FED. R. CIV. P. 12(d); *see also Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 816 (6th Cir. 2010). The exhibits in question were not attached to plaintiff's amended complaint, such that they could be considered under Rule 10(c) without converting the Rule 12(b)(6) motion into a motion for summary judgment. FED. R. CIV. P. 10(c); *see Koubriti v. Convertino*, 593 F.3d 459, 462 n.1 (6th Cir. 2010) ("Documents attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss.").

The Sixth Circuit recognizes that, in addition to the allegations of the complaint, the court "may also consider other materials that are integral to the complaint, are public records, or are otherwise appropriate for the taking of judicial notice." *Ley v. Visteon Corp.*, 543 F.3d 801, 805 (6th Cir. 2008). These exceptions to the general rule are not without limitation. *See Jones v. Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008). Defendants' exhibits consist of a grievance inquiry screen, Grievance Number LCF-2008-11-1039-12f3, and a copy of MDOC Policy Directive 03.02.130 (effective 7/9/07). (docket # 95 at ID#s 300-17). These exhibits cannot be considered integral to plaintiff's amended complaint, because proof of exhaustion of administrative remedies is not part of the plaintiff's claim. It is an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

The public records exception is "a narrow exception to Rule 12(d)." *Doss v. Clearwater Title Co.*, 551 F.3d 634, 640 (7th Cir. 2008). The grievance and grievance inquiry screen are internal MDOC records. They are not public records.[1] *See Frees v. Duby*, No. 1:10-cv-609, 2010 WL 4923535, at * 2 (W.D. Mich. Nov. 29, 2010) (collecting cases); *Rickner v. Hutchinson*, 1:08–cv–139, 2009 WL 1212815, at * 2 (W.D. Mich. May 1, 2009). The exhibits are not amenable to "judicial notice." Judicial notice "is a limited tool," and for it to be available, "a high degree of indisputability is the essential prerequisite." *Ventana Med. Sys., Inc. v. St. Paul Fire & Marine Ins. Co.*, No. CV 09–102, 2010 WL 1752509, at * 23 (D. Ariz. Jan. 13, 2010). Judicial notice is limited to documents "'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'" *Bowers v. Wynne*, 615 F.3d 455, 470 (6th Cir. 2010) (Rogers J. concurring) (quoting FED. R. EVID. 201(b)). The Sixth Circuit handles a significant volume of

---

[1] The MDOC policy directive attached to defendants' brief is a public record. *See Argue v. Burnett*, No. 1:08-cv-186, 2010 WL 1417633, at * 4 (W.D. Mich. Apr. 1, 2010).

prisoner litigation, yet it has never held that prisoner grievances, grievance responses, and grievance reports fall within the public records or any other exception to the general rule. Any innovation in this regard is the province of the Court of Appeals rather than this court. *See Rickner*, 2009 WL 1212815, at * 2. As far as this court is concerned, grievance documents are internal prison records whose accuracy is not susceptible of confirmation by public sources.

When a district court encounters a Rule 12(b)(6) motion supported by evidence outside the pleading, the court may, in the exercise of its discretion, convert the motion into a summary judgment motion under Rule 56, or expressly exclude the extra-pleading materials from its consideration and proceed to address the motion as a Rule 12(b)(6) motion. FED. R. CIV. P. 12(d); *see Patterson v. Novartis Pharm. Corp.*, No. 10-5886, 2011 WL 3701884, at * 3 (6th Cir. Aug. 23, 2011); *Wysocki v. Int'l Bus. Mach. Corp*, 607 F.3d 1102, 1104 (6th Cir. 2010). The Sixth Circuit has cautioned that conversion of Rule 12(b)(6) motions into summary judgment motions "should be exercised with great caution and attention to the parties' procedural rights." *Tackett v. M&G Polymers, USA, LLC*, 561 F.3d 478, 487 (6th Cir. 2009). Here, in the exercise of discretion, the court should disregard defendants' proffered exhibits and treat defendants' motion as a straightforward Rule 12(b)(6) motion. Under Rule 12(b)(6) standards, defendants have not and cannot carry their burden on the affirmative defense.

Defendants' alternative argument fares no better. The court has already screened plaintiff's pleading against these defendants under Rule 12(b)(6) standards. The court determined that plaintiff's amended complaint stated a claim against defendants and ordered that the Clerk arrange for service of process. Plaintiff's amended complaint has not changed since it was last

reviewed by the court. I recommend that the Rule12(b)(6) motion by defendants Hillis and Lacy be denied.

### C. Rule 12(b)(6) Motion by Defendant Heebsh

On September 15, 2011, defendant Heebsh filed a Rule 12(b)(6) motion to dismiss. (docket # 96). The court screened plaintiff's amended complaint in March of this year and determined that it alleges sufficient facts against defendant Heebsh to withstand scrutiny under Rule 12(b)(6) standards. (docket # 59). There is no reason for a contrary result here. I recommend that defendant Heebsh's motion to dismiss be denied.

### Recommended Disposition

For the reasons set forth herein, I recommend that plaintiff's motions for entry of default judgments (docket #s 91, 92, 93) and defendants' Rule 12(b)(6) motions to dismiss (docket #s 95, 96) be denied.

Dated: November 28, 2011        /s/ Joseph G. Scoville
                                United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).