UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MARCUS TAYLOR, #361170,

        Plaintiff,

                               File No. 1:10-CV-94

v.

                               HON. ROBERT HOLMES BELL

TERILYNN HILLIS, et al.,

        Defendants.

_____/


## ORDER APPROVING AND ADOPTING
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On January 2, 2013, United States Magistrate Judge Joseph G. Scoville issued a report

and recommendation ("R&R") recommending that Dr. Lacy's motion for summary judgment

(Dkt. No. 122) be granted and that all of Plaintiff's claims against Dr. Lacy be dismissed

without prejudice pursuant to 42 U.S.C. § 1997e(a) for failure to exhaust administrative

remedies.  (Dkt. No. 148, R&R.)   Plaintiff filed an objection to the R&R on January 14,

2012.        This Court is required to make a *de novo* determination of those portions of the

R&R to which specific objection has been made, and may accept, reject, or modify any or

all of the Magistrate Judge's findings or recommendations.  28 U.S.C. § 636(b)(1); Fed. R.

Civ. P. 72(b).

Plaintiff objects to the determination that he failed to exhaust administrative remedies.

He contends that pursuant to *Jones v. Bock*, 549 U.S. 199 (2007), he was not required to

name Dr. Lacy because Dr. Lacy was a part of the *corpus delicti* of the incident.

Plaintiff's objection lacks merit. *Jones v. Bock* confirmed that proper exhaustion requires compliance with the controlling grievance procedure. *Id.* at 218. At the time the grievances in *Jones v. Bock* were filed, MDOC policy did not specify who must be named in a grievance. At the time Plaintiff filed his grievance in this case, however, the grievance procedure specifically required Plaintiff to name the individuals against whom the grievance was filed. Plaintiff did not name Dr. Lacy in his grievance. Moreover, he also failed to allege anything that Dr. Lacy did wrong. As the R&R correctly noted, "[n]othing in plaintiff's grievance would have put any reasonable reader on notice that Lacy was 'a person against whom he grieved.'" R&R at 2 (quoting *Sullivan v. Kasajaru*, 316 F. App'x. 469, 470 (6th Cir. 2009)). Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objection to the R&R (Dkt. No. 154) is **OVERRULED**.

**IT IS FURTHER ORDERED** that the January 2, 2013, R&R (Dkt. No. 148) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Dr. Lacy's motion for summary judgment (Dkt. No. 122) is **GRANTED**.

**IT IS FURTHER ORDERED** that all of Plaintiff's claims against Dr. Lacy are **DISMISSED WITHOUT PREJUDICE**.


Date: <u>February 4, 2013</u>                    /s/ Robert Holmes Bell
                                                 ROBERT HOLMES BELL
                                                 UNITED STATES DISTRICT JUDGE