UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| MARCUS TAYLOR, # 361170, | ) | |
| Plaintiff, | ) | Case No. 1:10-cv-94 |
| v. | ) | Honorable Robert Holmes Bell |
| TERILYNN HILLIS, et al., | ) | **REPORT AND RECOMMENDATION** |
| Defendants. | ) | |

This is a civil rights action brought *pro se* by a state prisoner under 42 U.S.C. § 1983. Plaintiff's complaint concerns conditions of his confinement at the Lakeland Correctional Facility (LCF) on November 10, 2008. He alleges that Physician's Assistants Terrilynn Hillis and Hope Heebsh, and Sergeant Iris Nogueras were deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights.

The matter is now before the court on motions for summary judgment by defendants Heebsh and Hillis (docket # 193) and Nogueras (docket # 190). Plaintiff filed a response to defendant Nogueras's motion (docket #s 197, 198), but has ignored the motion for summary judgment filed by defendants Heebsh and Hillis. On January 29, 2014, defendants Heebsh and Hillis filed a motion under Rule 41(b) seeking involuntary dismissal of plaintiff's complaint. (docket # 204). I recommend that defendants' motions for summary judgment (docket #s 190, 193) be granted. and that judgment be entered in defendants' favor on all plaintiff's claims. I further recommend that the Rule 41(b) motion by defendants Heebsh and Hillis be dismissed as moot.

## Summary Judgment Standard

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Griffin v. Hardrick*, 604 F.3d 949, 953 (6th Cir. 2010). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Moses v. Providence Hosp. Med. Centers, Inc.*, 561 F.3d 573, 578 (6th Cir. 2009) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Pluck v. BP Oil Pipeline Co.*, 640 F.3d 671, 676 (6th Cir. 2011).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. FED. R. CIV. P. 56(e); *see Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009). The motion for summary judgment forces the nonmoving party to present evidence

sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990); *see Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th Cir. 2012). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see LaQuinta Corp. v. Heartland Properties LLC*, 603 F.3d 327, 335 (6th Cir. 2010).

### Proposed Findings of Fact

The following facts are beyond genuine issue. On November 10, 2008, plaintiff was an inmate at the Lakeland Correctional Facility (LCF). (Plf. Dep. at 8, docket # 193-2). Iris Nogueras was a Sergeant at LCF working as an "acting lieutenant." On the date in question, she was working the second shift, which ran from 2:00 p.m. to 10:00 p.m. Nogueras was not a health care professional and has no medical education, experience, or training. She was not qualified to make any medical diagnosis or prognosis. She could not prescribe medications. She had no decision-making authority regarding prisoner medical care. She could not provide a medical authorization directing that an inmate be transferred to an off-site hospital or other medical facility. (Nogueras Aff. ¶ 4, docket # 191-1). Further, Nogueras was not the shift commander. If health care professionals had authorized off-site transportation of a prisoner based on his medical condition, it would have been the shift commander's decision to authorize the prison security measures necessary for the off-site travel of a prisoner to the hospital. (Nogueras Aff. ¶ 5).

At about 6:10 p.m. on November 10, 2008, plaintiff was in the medline[1] and was attempting to pick up the Erythromycin that Robert Lacy, M.D., had prescribed earlier that day to treat the impetigo infection on the lower half of plaintiff's face. Dr. Lacy had changed plaintiff's prescription from penicillin to Erythromycin and had scheduled plaintiff for a follow-up examination on November 11, 2008. (Plf. Dep. at 11-12, 25; Plf. Aff. ¶ 1, docket # 197-1; 11/10/08 progress notes, docket # 194, ID# 1017). The nurse responsible for dispensing medication advised plaintiff that his prescription had not yet arrived. (Plf. Dep. at 12). The nurse informed him that he would need to return for his medication later that evening. Acting Lieutenant Nogueras happened to be in the area on other business. Plaintiff turned and asked her if there was any way that she could help. Nogueras indicated that there was nothing she could do for him under the circumstances. (Nogueras Aff. ¶¶ 10-11; Plf. Aff. ¶ 4). This was the only time that plaintiff spoke with defendant Nogueras. (Plf. Dep. at 10-13; Nogueras Aff. ¶ 12). Plaintiff briefly returned to his housing unit, but within an hour after he had initially been told that his medication had not yet arrived, he received his medication. (Plf. Dep. at 15). Nogueras was not present when plaintiff returned and picked up his medication. (Plf. Dep. at 16).

Plaintiff's skin condition did not improve overnight. On the morning of November 11, 2008, plaintiff received his follow-up examination. Dr. Lacy sent plaintiff to the hospital for further treatment. (Plf. Dep. at 16; 11/11/08 progress notes, docket # 194, ID#s 1021-27). By November 14 or 15, 2008, plaintiff's infection was gone. He suffered no scarring or other permanent injury as a result of this incident. (Plf. Dep. at 17, 31; 11/14/08 progress notes, docket # 194, ID# 1029).

---

[1] "Medline" is a shortened version of "medication line." (Plf. Dep. at 11).

Hope Heebsh and Terilynn Hillis are licensed physician's assistants. In November 2008, they were employees of Correctional Medical Services, Inc. (CMS). They did not have any interaction with plaintiff on November 10, 2008. The physician's assistants are not nurses. They did not see plaintiff in the prison's medline. Their job responsibilities did not include passing out medications to inmates in the medline. (Heebsh Decl. ¶¶ 2-12, docket # 193-3; Hillis Decl. ¶¶ 2-12, docket # 193-4).

**Discussion**

Plaintiff alleges that defendants violated his Eighth Amendment rights under the Cruel and Unusual Punishments Clause. In *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court held that deliberate indifference to a prisoner's serious medical needs, manifested by prison staff's intentional interference with treatment or intentional denial or delay of access to medical care, amounts to the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle*, 429 U.S. at 104-05. In judging the sufficiency of "deliberate indifference" claims, the court must view the surrounding circumstances, including the extent of the injury, the realistic possibilities of treatment, and the possible consequences to the prisoner of failing to provide immediate medical attention. *Westlake v. Lucas*, 537 F.2d 857, 860 n.4 (6th Cir. 1976).

In *Wilson v. Seiter*, 501 U.S. 294 (1991), the Supreme Court clarified the deliberate indifference standard. Under *Wilson*, a prisoner claiming cruel and unusual punishment must establish both that the deprivation was sufficiently serious to rise to constitutional levels (an objective component) and that the state official acted with a sufficiently culpable state of mind (a subjective component). 501 U.S. at 298. The Supreme Court held in *Farmer v. Brennan*, 511 U.S.

825 (1994), that deliberate indifference is tantamount to a finding of criminal recklessness. A prison official cannot be found liable for denying an inmate humane conditions of confinement "unless the official knows of and disregards an excessive risk to inmate health or safety." 511 U.S. at 837. The Sixth Circuit's decision in *Miller v. Calhoun County*, 408 F.3d 803 (6th Cir. 2005), summarized the subjective component's requirements:

> The subjective component, by contrast, requires a showing that the prison official possessed a sufficiently culpable state of mind in denying medical care. Deliberate indifference requires a degree of culpability greater than mere negligence, but less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result. The prison official's state of mind must evince deliberateness tantamount to intent to punish. Knowledge of the asserted serious needs or of circumstances clearly indicating the existence of such needs, is essential to a finding of deliberate indifference. Thus, an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

*Miller*, 408 F.3d at 813 (citations and quotations omitted). Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second-guess medical judgments and constitutionalize claims which sound in state tort law. *See Santiago v. Ringle*, 734 F.3d 585, 591 (6th Cir. 2013); *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011); *Westlake*, 537 F.2d 860 n. 5; *see also Reed v. Speck*, 508 F. App'x 415, 419 (6th Cir. 2012) ("The subjective component is intended 'to prevent the constitutionalization of medical malpractice claims.'") (quoting *Dominguez v. Corr. Med. Servs.*, 555 F.3d at 550).

Plaintiff has not presented evidence sufficient to support the subjective component of an Eighth Amendment claim for deliberate indifference to serious medical needs against Physician's Assistants Heebsh and Hillis. They did not see plaintiff on the date in question. Further, the record is devoid of evidence of any deficiency in plaintiff's medical care. Plaintiff's

disagreement with the treatment provided falls far short of supporting an Eighth Amendment claim. *See e.g.*, *Kosloski v. Dunlap*, 347 F. App'x 177, 180 (6th Cir. 2009); *Hix v. Tennessee Dep't of Corr.*, 196 F. App'x 350, 357 (6th Cir. 2006).

Defendant Nogueras's entitlement to entry of judgment in her favor as a matter of law is equally clear. No reasonable trier of fact could find in plaintiff's favor on the subjective component of his Eighth Amendment claim against Nogueras. Plaintiff had already been seen by a doctor on the date in question. A nurse informed him that the medication prescribed by Dr. Lacy would arrive soon. It was delivered and dispensed to plaintiff within the hour. Nogueras was not authorized to send plaintiff to the hospital. She was entitled to rely on the judgment of medical professionals regarding the appropriate course of medical treatment. *See McGee v. Adams*, 721 F.3d 474, 483 (7th Cir. 2013); *Arnett v. Webster*, 658 F.3d 742, 236 (3d Cir. 2011); *see also Fantone v. Herbik*, 528 F. App'x 123, 128 (3d Cir. 2013); *Phillips v. Tiona*, 508 F. App'x 737, 744 (10th Cir. 2013).

## **Recommended Disposition**

For the reasons set forth herein, I recommend that defendants' motions for summary judgment (docket #s 190, 193) be granted and that judgment be entered in defendants' favor on all plaintiff's claims. I further recommend that the Rule 41(b) motion by defendants Heebsh and Hillis (docket # 204) be dismissed as moot.

Dated: March 19, 2014          /s/ Joseph G. Scoville
                                United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).